## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JORGE LUIS GUTIERREZ-VELOZ,

     *Petitioner,*

  v.

J.L. JAMISON, et al.,

     *Respondents.*

CIVIL ACTION

NO. 26-3104

## ORDER

**AND NOW**, this 11th day of May, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Gutierrez-Veloz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    Around November 5, 2023, Jorge Luis Gutierrez-Veloz, a native of the Dominican Republic, entered the United States. (Pet. ¶ 1, Dkt. No. 1.) Immigration officials detained him, began removal proceedings against him, and then released him. (*Id.* ¶ 18.) Three years later, DHS agents detained him during a routine check-in and transferred him to the Philadelphia Federal Detention Center. (*Id.* ¶¶ 21–22.) He is currently detained under 8 U.S.C. § 1225(b)(2) and thus has not received a bond hearing from an immigration judge. (*Id.* ¶¶ 3, 23.)

    Gutierrez-Veloz filed a federal *habeas* petition on May 7, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process. (*Id.* at 12–16.) He seeks an order preventing the Government from transferring him outside the Eastern District, declaring his detention unlawful, and releasing him from detention. (*Id.* at 17–19.) The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026). Gutierrez-Veloz was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him several days ago. Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. The Court need not address his APA or due process claim.

2.    **On or before May 18, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Gutierrez-Veloz with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.    Should the immigration judge deny bond, Gutierrez-Veloz may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.